

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**J.M.**                                                                                    **PLAINTIFF**

**v.**                                                    CIVIL ACTION NO. 3:15-cv-841 HSO-JCG

**MANAGEMENT & TRAINING
CORPORATION and JOHN AND
JANE DOES 1-100**                                                                **DEFENDANTS**

### COMPLAINT

### *Jury Trial Demanded*

1.     This complaint is brought by J.M.[1] (hereinafter, "Plaintiff"), by and through

undersigned counsel, against Management & Training Corporation and John and Jane Does 1-

100.

### JURISDICTION AND VENUE

2.     Subject Matter Jurisdiction is appropriate in federal court since a federal question

is raised pursuant to 42 U.S.C. 1983 as well as the 8th and 14th Amendments to the United States

Constitution.  Subject Matter Jurisdiction is also appropriate based upon diversity of citizenship

as the Plaintiff and Defendant are citizens of different states and the claim is in excess of

$75,000.00.  The Court also has pendent jurisdiction over the Plaintiff's state causes of action.

3.     Venue is appropriate in this Court as all acts and/or omissions occurred in Leake

County, which is located within the Southern District of the United States District Court,

Northern Division.

### PARTIES

4.     Plaintiff is an adult resident citizen of Hinds County, Mississippi.  His current

residence address is 916 Inge Street, Jackson, Hinds County, Mississippi 39203.  However, at all

---

[1]     Because the Plaintiff was sexually assaulted, his identity is being kept confidential.  However, MTC is
aware of J.M.'s true identity.

times material to this Complaint, he was a prisoner incarcerated at Walnut Grove Correctional Facility (hereinafter, "WGCF").  Substantial acts, omissions, and events which caused Plaintiff's injuries took place in Leake County, Mississippi.

5.      Defendant, Management & Training Corporation (hereinafter, "MTC"), a national for-profit prison operator incorporated and existing in the State of Utah, was given a contract by the Mississippi Department of Corrections ("MDOC") in April, 2012 for the management and oversight of the prison's daily operations, under which it has the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards.  MTC's 5,545 employee corrections division operates twenty-four (24) correctional facilities throughout the United States, with seventeen (17) contracts with state correctional departments and seven (7) with federal correctional agencies.  The acts, omissions and events giving rise to Plaintiff's complaint occurred under MTC's management.  MTC's principal place of business is located at 500 North Marketplace Drive, Centerville, Utah 84014, and is subject to the in personam jurisdiction of the Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Rankin County, Mississippi 39232.

6.      The Plaintiff is ignorant as to the identities of Defendants John and Jane Does 1-100, who are unknown MTC officers, employees, agents, and or servants.  Plaintiffs will amend this Complaint to allege their true names and allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their conduct. Plaintiff, upon information and belief, asserts that the Doe Defendants were the officers, agents, servants, and employees of the Defendant herein, and were acting with the permission and consent within the course and scope of said agency and employment.

2

## FACTS

7.     During the early morning hours of March 7, 2015, Plaintiff and his cell mate were sexually assaulted by an MTC officer[2] while in their cell at WGCF.

8.     At approximately 2:45 a.m., the officer entered Plaintiff's cell, 8-B #32, and demanded that Plaintiff and his cell mate engage in a "threesome" with him.  The officer advised both men that he would kill them should they not engage in said sexual activity/intercourse with him.  The men, fearful for their lives, were then forcibly raped by the officer.  Both men were forced to engage in oral and anal intercourse numerous times.

9.     After the assault, the officer advised both men that he would kill them himself, or make arrangements to have them beaten and more than likely eventually killed by prisoners and other staff members, if either exposed him to prison officials or discussed the assault with anyone.  Furthermore, the officer threatened the men with future violence and/or recriminations, stating that his powers went beyond the confines of the facility, as he was also employed elsewhere as a law enforcement officer and he was well known/connected.

10.     After the officer left the cell, Plaintiff found semen on the floor which came from the officer.  Plaintiff was able to preserve the semen.

11.     On or about March 30, 2015, despite the officer's threats and being fearful for his personal safety and well-being, Plaintiff filed a grievance with WGCF officials.  He provided MTC officials with the DNA/semen sample belonging to the officer which he had retained.  He was moved to another facility soon thereafter; however, upon information and belief, no corrective measures were taken nor disciplinary action commenced against the officer for his actions.  As a result of the assault, Plaintiff has suffered bodily injuries, emotional distress,

---

[2]     Due to the serious accusations, the name of the officer will not be identified publicly.  However, MTC has been made aware of the officer's true identity.

3

mental anguish and pain and suffering.

12.     Upon information and belief, the officer had engaged in similar conduct prior to the incident and MTC supervisors were aware of this.  Additionally, MTC was generally aware of allegations regarding improper sexual conduct between correctional officers and inmates prior to the incident.

## § 1983 CAUSES OF ACTION

13.     By and through Defendants MTC and Doe Defendants 1-100's deliberate indifference to the safety of the Plaintiff and other WGCF inmates on March 7, 2015, and the establishment of customs, policies and practices which created unconstitutional conditions of confinement, Defendants MTC and Doe Defendants 1-100 violated the clearly established constitutional rights of the Plaintiff, including but not limited to:

a)     Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

b)     Plaintiff's right not to be deprived of liberty without due process of law;

c)     Plaintiff's right to be safe and protected from injuries while in Defendants' custody;

d)     Plaintiff's right to be protected by the police officers while under their control; and

e)     Plaintiff's right to be free from excessive and unreasonable force.

14.     As a direct and foreseeable result of Defendants' actions, Plaintiff suffered damage including but not limited to, physical injuries, emotional distress, mental anguish, as well as pain and suffering.

15.     Defendant MTC, by and through Doe Defendants 1-100 in their individual and official capacities, established customs, policies and practices which directly and proximately caused the deprivation of the Plaintiff's constitutional rights as alleged herein.  Defendants were

4

deliberately indifferent to the safety of the Plaintiff and other WGCF inmates. These policies created unconstitutional conditions of confinement.

16.    Such unwritten policies, customs and practices include but are not limited to the following:

a.    Inadequate and improper training, supervision and discipline of WGCF corrections officers;

b.    Inadequate and improper procedures and practices in screening, hiring, training, supervising and disciplining officers who practice, condone or use excessive force upon WGCF inmates, including the Plaintiff, in violation of their constitutional rights;

c.    Inadequate and improper procedures, policies and practices for investigating improper activities by WGCF correctional officers either through offender complaints of misconduct or through internally-initiated complaints or investigations;

d.    Inadequate or improper procedures, policies and practices for identifying and taking appropriate action against WGCF correctional officers who are in need of re-training, corrective measure, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent the violation of inmates' rights;

e.    Failing to prevent and/or investigate allegations of improper relationships between WGCF correctional officers and EMCF inmates which directly led to the March 7, 2015 sexual assault; and

f.    Failing to adequately staff WGCF with trained and qualified guards and allowing the prison to be understaffed.

## NEGLIGENT AND/OR GROSSLY NEGLIGENT HIRING AND SUPERVISION

17.    Plaintiff incorporates all allegations set forth in Paragraphs 1 through 16 hereinabove.

18.    Plaintiff alleges Defendant MTC negligently, or grossly negligently, hired, supervised, and retained its employees, inter alia, by a) failing to care for and ensure the Plaintiff's safety while at WGCF; b) failing to properly train, supervise, discipline, retain, hire, and/or discharge its employees agents, and/or representatives; and c) were otherwise negligent or

grossly negligent in their care and treatment of the Plaintiff, and as a direct and proximate result, the Plaintiff sustained the harms alleged herein.

## RESPONDEAT SUPERIOR

19.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 18 hereinabove.

20.     Defendants MTC and other unknown WGCF correctional officers (Does 1-100) acted with negligence, gross negligence, and/or intentionally allowed or failed to prevent the Plaintiff's sexual assault on March 7, 2015. At all times relevant, each Defendant owed a duty to the Plaintiff to ensure his safety, and the Defendants breached this duty. The actions and inactions of Defendant MTC and/or other WGCF correctional officers led directly to the injuries suffered by the Plaintiff. Defendant MTC, as Defendant John and Jane Does 1-100's employer, is liable for their actions which were undertaken during the course and scope of their employment with Defendant MTC.

21.     Defendant MTC is also responsible for the actions and/or inactions alleged herein against Defendant John and Jane Does 1-100 which caused the damages suffered by the Plaintiff. Such actions and/or inactions by said individual Defendants were committed within the course and scope of their employment with Defendant MTC.

## PUNITIVE DAMAGES

22.     The Plaintiff incorporates all allegations set forth in Paragraphs 1 through 21 hereinabove.

23.     The Defendants have acted in complete disregard for the safety of the Plaintiff by acting in a grossly negligent manner as previously described herein.   The actions of the Defendants warrant punitive damages.

6

24.     The Defendants' actions exhibited gross negligence and direct disregard of the safety of the Plaintiff.    Punitive damages should be awarded against the Defendants. Defendants' tortuous actions have caused the Plaintiff bodily injures, emotional distress and mental anguish.

### PRAYER FOR RELIEF

The Plaintiff requests a jury trial and seeks the following relief:

A.      Compensatory damages of, from and against the Defendants, each and severally, in amount to be determined by this Court.

B.      Punitive damages of, from and against the Defendants, in an amount to be determined by this Court.

C.      Reasonable attorney's fees and all costs of this court.

D.      Pre and post judgment interest.

E.      Such other general and special relief as appears reasonable and just in this cause.

RESPECTFULLY SUBMITTED, THIS the ___19th___ day of November, 2015.

J.M., PLAINTIFF

BY:     _____
            CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MERRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi  39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com
merridac@coxwelllaw.com
*Attorneys for Plaintiff*